Your argument is United States v. Sadlowski. Good morning, Your Honor. May it please the Court? My name is Jason Bowles. I'm from Albuquerque, New Mexico, and I represent Adam Sadlowski in this matter. Your Honors, I'd like to make two points in oral argument primarily. The first is I'd like to touch on this search was sufficiently federal in character that I believe the provisions of Rule 41 apply, and those provisions had to be complied with. The second point I'd like to make today in argument is that the metropolitan court in Albuquerque is not empowered by Constitution or statute to issue felony search warrants. Going first to the sufficiently federal in character, I assume without deciding it was a federal search, but I think she's correct. At the record of page 170, 180, and 183, in all three of these sites, it lays out three things. One, ATF helped surveil the initial search. So before the search happened, ATF agents were actually participants in surveilling. Next, during the actual execution of the search, ATF agents participated in the execution. And third, and I appreciate the United States 28J letter, they actually assisted in interviewing important witnesses following the search. That to me is sufficient under Lefkowitz, if I'm saying that correctly, the Supreme Court case, that the federal government had a hand in that search, and I think because of that it's a federal search. That triggers first the Rule 41 requirement that it must be a state court of record. The issue with that, the metropolitan court in New Mexico is basically a hybrid magistrate municipal court kind of all thrown in one court. And the reason for it is that Albuquerque is the most populous county or city in New Mexico, so that court handles other functions. That court by statute is only a court of record for DWI, domestic violence, and civil cases. But it has by New Mexico rule, if I'm correct, the authority to issue search warrants. It does, by Rule 7208. And my argument, Your Honor, on that is that the Supreme Court, and maybe, and I did say perhaps if the court considered it should be certified to the New Mexico Supreme Court, but I'm submitting to this court, they did not have the authority to confer jurisdiction on an inferior court by rule. The metropolitan court is not a common law court of general jurisdiction. It was created by statute, by the people, by the legislature. And because of that, the powers granted to that court or the powers denied that court must come from the legislature, not the Supreme Court of New Mexico. Does the magistrate court have sufficient authorization? The magistrate court does not have authority to issue felony search warrants, Your Honor, and the municipal courts do not as well. And that's by rule. Now, the interesting thing, the 7208 rule, Judge Briscoe, you were talking about, it is broad. It does say these courts will have authority to issue search warrants for any property, and I'm paraphrasing, from a crime, derived from a crime. What's interesting is that the statute governing the metropolitan court is clear. It's only jurisdiction is ordinances, misdemeanors. So it's DWI, it's, they cannot prosecute. So you say we should tie those two together? Yes. You only have authority to issue warrants in those cases that you can pursue in your court? Yes. And I think because of the fact that the state Supreme Court in Armijo, and I cited the Armijo case, explicitly says jurisdiction must be granted by statute or by the Constitution. Your opposing counsel points out that U.S. magistrate judges have no jurisdiction. It's very clear to conduct a felony trial. But it is also very clear that a magistrate judge can issue a search warrant in a case. There's no felony case at that point. There's just a search. But how do you reconcile your theory that because a magistrate court cannot conduct a felony trial precludes a magistrate from issuing a search warrant? Well, and again, Your Honor, I think by statute, magistrates are given certain powers. Well, why doesn't the magistrate get, or the rules, why do not they have the imprimatur of the legislature by virtue of Statute 38.1.1A, which specifically authorizes the New Mexico Supreme Court to issue these rules? It authorizes issuance of rules, but it doesn't, it cannot authorize another branch of government to increase the jurisdictional power of an inferior court, the legislator created. So I would say that delegation cannot be delegated. The jurisdiction of an inferior court must be created, and the Supreme Court says this, by the legislature. And those powers must be granted by the legislature. Judge Gorsuch, in his concurring opinion in the Kruger case, the 2015 case, this court's case, he goes, he talks at length about the, that was a Kansas magistrate that issued a search warrant for property in Oklahoma. He talks at length about whether a statute authorizes it or not, and if it doesn't, it's not a warrant at all. Yeah, the territorial limits of the judge, but there's no issue about the territorial limits of this magistrate court. There is not, but if you take the argument to the next level, if the Supreme Court can in Mexico issue a rule that the Metropolitan Court can issue search warrants for Dona Ana County in Las Cruces, or for Farmington, what's to stop the Supreme Court from doing that? And my contention is, the problem is, it's a separation of powers problem, the legislature created that court, and the legislature has to prescribe the limits and extent of jurisdiction of that court. And perhaps the Supreme Court, and I don't know of any case that's interpreted this, Your Honor, I know that Metropolitan Courts also can do preliminary hearings in felony cases. Well, the bottom line here is whether or not it's a Fourth Amendment violation, right? That's correct. And do you have any case law that would tell us that the Fourth Amendment requires warrants to issue from a court of record? I, again, I think I would go back to Judge Gorsuch's discussion in the Kruger case, and he talks about, if there's not a warrant, effectively there's not a warrant, because the court did not have the power to issue that warrant. Right, but that's a territorial issue, and I think that's a pretty easy one. Well, and I would say it's a warrantless search, Your Honor, and I would go to those cases, without a warrant it becomes a warrantless search. And that's where I think we're at. There was no warrant, because the court did not have the power to issue that warrant. So I think we're in the status of... Well, okay, roll me through this again. The court has authority under the New Mexico rule to issue search warrants, but you're saying that that power is limited to only the jurisdiction of that particular court. Yes, Your Honor. And because the warrant was issued for a felony search warrant that was not within the power granted by the legislature, it's never been, there's no statute that grants the metropolitan court that power. Because they lack that power, there's no warrant at all. It's void ab initio, as Judge Gorsuch talked about in that opinion, and it never happened. And unless there's any other questions, I'll reserve the balance of my time. Thank you. May it please the court. My name is Frederick Mendenhall. I'm an assistant United States attorney for the District of New Mexico. This case is about a neutral and detached state judge issuing a warrant to search a home for guns and drugs. A court of very limited jurisdiction, right? Your Honor, I concede, as by New Mexico rule, the metropolitan court only has jurisdiction over domestic violence cases and the other cases that opposing counsel mentioned. But that, nevertheless, that neutral and detached judge issued this warrant, and it had authority to do so. And it had authority, as I already pointed out, under New Mexico rule 7- So as long as you can find a neutral and detached judge somewhere in some courthouse, that person can issue a warrant. No, Your Honor. I'm not taking that position today. I'm saying, though, that this judge did have authority under, he was neutral and detached, but he also had authority on New It's a New Mexico rule of criminal procedure, and it's identical to the same rule that district judges in New Mexico have authority to issue the search warrants. I think counsel has two arguments about why this authority doesn't work. First, he tries to hitch it to, you must have criminal jurisdiction over a felony to then issue a warrant for a felony case. And I think history and tradition and contemporary practice cuts against this. As I already talked about, federal magistrate judges don't have felony jurisdiction in court to hear felony cases. Yet, it's undoubtedly they have authority to issue search warrants for cases that ultimately end up as felony cases. But what's your response to opposing counsel's distinction that Congress has specifically spoken on that issue? Your Honor, what I would say is that it's also, it's a federal rule of criminal procedure that gives magistrate judges authority to issue these search warrants. It's the same sort of scenario. I looked for a statute, and the only statute that I found about authority to issue search warrants, it's 18 U.S.C. 3102. It has no text. It just says, go look at federal rule of criminal procedure 41. So I think very analogous situation here. We've got a second argument about that is in terms of, well, in this case, New Mexico v. Armijo, the court spoke, the New Mexico Supreme Court, and said that you must have authority by statute. Now, that case, I think it's a very different case. It's about appellate jurisdiction. They don't talk about, the court doesn't talk about search warrants. It doesn't talk about criminal rules. Well, do the New Mexico rules provide the metro court with felony warrant authority? Your Honor, they never used the term felony warrant. The United States position is, yes, they do have that authority. And what do we look at to conclude that? Judge Briscoe, this is how I think about it. Throughout history, we have never- Without your thinking about it? No, Your Honor. There's no rule? No New Mexico rule? There's no New Mexico rule I found that said, felony search, you have authority to issue a felony search warrant. I point out the district judge's New Mexico- Well, it says there is a rule that says a warrant may be issued by the court, referring to the metropolitan court, to search or seize any property which has been obtained or is possessed in a manner which constitutes a criminal offense. Correct. Does criminal offense sweep in felony? I think it does, Your Honor. And the reason I think it does is I'm looking at the context of the history and tradition that we've never had to insert felony for criminal offense to mean felony. As pointed out in the brief, there are some cases that I cite where certainly you didn't have to have felony jurisdiction to issue warrants. You didn't even have to be a judge necessarily to issue a warrant. I think, and going back to opposing counsel's argument about you need statutory authority, I think as already pointed out earlier, there is statutory authority. It's New Mexico statute annotated 38-11, which is essentially the Rules Enabling Act for New Mexico. The text isn't identical, but I believe it's been interpreted very similarly as the federal statute on that point. I think, moving on to some other issues in this case, Mr. Sidlowski, the defendant below, he challenges the search warrant procedurally, and he challenges it substantively in addition to this authority argument. I'm going to take procedure first. He says this judge violated the federal rules. I think that this issue can be decided. You can assume that, assuming this was federal in character, assuming there was a rule violation, at no point has Mr. Sidlowski ever argued that it was a constitutional violation, prejudice to the defendant, or that it was done with deliberate disregard. I think because he's never raised these arguments, he's never articulated why, you can assume the first threshold issues and just decide on those grounds that he never argued it. In the cases I cite, United States v. Pulliam and United States v. Warwick, both are on point on that issue, and they say if defendant never, during suppression motion, if he never raises this particular issue, it's deemed waived and the court can just not address it. But if the court is inclined to go to some of these threshold issues, I would speak very briefly about the federal in character nature of this warrant. It's a fact determination. Judge Briscoe, you have an opinion. It's United States v. Barrett that I cited in my brief. And I think the test is you look at the totality of the circumstances and you ask yourself, was a federal search envisioned? Well, I thought you'd pretty much, with your 28J letter, conceded this is a federal search. Your Honor, that was not my intention with my 28. There's federal happening all over here. Your Honor, respectfully, I... When they saw something amiss, they immediately contacted ATF, didn't they? And bring them in and help them, that ATF helped them through even the warrant process. Your Honor, I admit the facts that below, it was established that Detective Cotman did reach out to ATF. He says, I think, I thought they might be interested. ATF showed up and participated in surveillance of the home. And then ATF was there for the search warrant. That all happened. I agree with that, Your Honor. The reason I think that this is, and I'm not trying to say this is a clear-cut case. I understand it's a close case, but I think on balance, it is not federal in character. And the facts that I would cite, we've got a state detective. We've got a state detective using his confidential informants. We've got a state detective with those confidential informants going out to a state judge. This state detective goes to the house. He's leading the search warrant team. He's the one that goes up to the door. It's not ATF taking point. I admit that ATF agents were there. But I don't think that fact is necessarily dispositive on the federal in nature test. Moving on, I make some arguments in the brief why that there wasn't a real violation here. I do think this is a state court of record. I understand it's not a court of record in every instance, but I don't think that's what the rules are checking. The rules are checking to make sure that whoever you go to has sufficient esteem. It's not a lay person who's issuing these, a lay state person issuing this search warrant. It's to make sure that, hey, this is somebody with legal training. This is somebody that does go on the record. This is somebody that, this is a judge that if there is an appeal, there is a record below. For those reasons, I think it satisfies the court of record requirement. And I think the second rule violation is the after the fact oath violation. I think there's sufficient information in the there is no timing requirement in rule 4.1. So I don't think there was a violation of that rule. And finally, with some remaining time, I'd like to talk about the substantive nature of the warrant. Opposing counsel below attacked the warrant for not having the address, the residence on it. I think the residence. Well, who blacked out the residence address? Your Honor, I don't know the answer to that question. I know there are two spots in the record. Well, there's several spots. It's blacked out every place where the address is listed and just leaves the black Bentley. Although the affidavit refers specifically to a residence to be searched. Yes, Your Honor. I want to know who blacked out that address. I don't know. I don't believe it was the United States, but I can look into that for you, Your Honor. I would note for you that there are two spots in the record where that warrant is, in one spot that you're looking at, it is blacked out. Later on, I don't have the numbers off the top of my head. It is not blacked out, and it has the address in the upper left-hand corner. I think it's in the record around the 80s, and I can definitely check that. Would you furnish that? Yes. Yes, Your Honor. I'd be happy to do so. But in the record below, it is in the upper left-hand corner, and then it does describe the residence, as Your Honor just pointed out. I would also say that the standard for he attacks probable cause in the warrant, standard for that is whether there's substantial basis for probable cause. I think there is that here. There are several cases that talk about having informants, and that if those informants are information is corroborated by police surveillance, that's sufficient. I think that's what happened here. And for those reasons, Your Honor, unless there are any, Your Honors, unless there are additional questions, I would ask you to affirm the district court. Thank you. Your Honor, may I please court? A couple points in rebuttal. I think this is a federal search. I do believe that based on the ATF involvement, there was extensive involvement. It's a federal search under Rule 41. I don't think this court, Metropolitan Court, is a court of record. Do you know who blacked out the address on the warrant? Yes, Your Honor. That was, as I recall, when we received it in discovery, and we get these in discovery from the government, that was blacked out. And my memory is we requested an unredacted copy, and we did get that, and that's at page 78 to 83 of the record. Thank you. Yes, sir. The other point I wanted to make, Your Honor, was that the reason why this matters is that the legislator created a inferior court. The statute is not present to enlarge that court's jurisdiction. So are we going to permit a Supreme Court to enlarge that jurisdiction of an inferior court that was created by the legislature? And if we go down that path, how far can they go? Can they, again, authorize the Metro Court to issue warrants in Farmington, or Las Cruces, or Roswell? And what is the limitation on that power? And the whole point is, do the people get to prescribe how broad the powers are going to be for the courts that they create? A rule... Is this alleged address, is it within the jurisdiction of the Metro Court? Is, and I'm sorry... Is it within the jurisdiction, territorial? Yes, it is. Yes, it is, Your Honor. It is in Albuquerque and Bernalillo County. So we don't have an extra territorial issuance in this case. But I do go back to Your Honor's question about the magistrate judges, and I do believe Congress has spoken, and any time we have an inferior court and the power is granted or taken away or abridged, there's always a statute. Now, in this case, there is not one. And that's our argument, that because of that, this court lacked the authority to issue a felony search warrant, that the search warrants, if you read that rule, should be confined to misdemeanors, and that's the court's jurisdiction. Well, how do you deal now with your opposing counsel's rejoinder that the statutory authority that you're talking about comes from, as I understand it, Federal Criminal Procedure 41, and he compares that, understandably, with the Rules Enabling Act in this state? And the Enabling Act does allow, as I understand it, Your Honor, does permit the Supreme Court to issue rules for the practice and procedure of the courts in New Mexico. But I think at the end of that, and it's in our briefing, I don't know the page, Your Honor, but it And I think the issue is, yes, the Supreme Court under the Enabling Act issues rules for the conduct and procedure of the courts, but it cannot issue rules expanding the jurisdiction of an inferior court created by the legislature. How does that differ from Federal Criminal Procedure 41 authorizing magistrate judges to issue search warrants? Doesn't that enlarge the jurisdiction of a magistrate judge? Well, I think there's also a statute that Which statute? I'm trying to remember, Your Honor, the statute that authorizes magistrate judges to issue search warrants. I thought there was in the 3200 section. Maybe I'm misremembering. Okay. But you're correct. Rule 41 does get that right, but I thought there was a statute as well. And Your Honor, I'd actually like to research that and make sure I'm right about that. If I can issue a 28J letter? Sure, that's fine. Okay. Thank you, Your Honor. I don't want to misspeak, so I just want to make sure I'm correct. Thank you. I appreciate that. And if there's no other questions, that's all I have. Thank you. Thank you. Thank you both. The case is submitted.